IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                  Cr. No. 02-1412 JAP

v.

ARMINOUS RUDOLPH MATTHEWS III,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Arminous Rudolph Matthews III's request to restore the civil rights and firearm rights that he lost because of a felony conviction. *See* REQUEST TO RESTORE CIVIL RIGHTS AND FIREARM RIGHTS (Doc. 90). The United States opposes Defendant's request. *See* UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO RESTORE CIVIL RIGHTS AND FIREARMS RIGHTS (Doc. 93). For the reasons below, the Court will deny Defendant's request to restore his civil rights and firearm rights.

BACKGROUND

The facts in this case are undisputed. In 2003, Defendant pleaded guilty in this Court to one count of possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *See* PLEA AGREEMENT (Doc. 56). That offense is a federal felony with a statutory punishment of up to 20 years of incarceration. *See* 21 U.S.C. § 841(b)(1)(C). As a result of Defendant's conviction, Defendant became subject to the federal ban on possession of firearms by a convicted felon. *See* 18 U.S.C. §§ 921(a)(20), 922(g)(1). Defendant also claims he has lost other federal civil

rights, although he does not specify which rights those are. He now seeks a restoration of those unspecified rights and his firearm rights. *See* Doc. 90 at 1.

## DISCUSSION

A. Restoration of Defendant's civil rights

Civil rights are "[t]he individual rights of personal liberty guaranteed by the Bill of Rights and by the 13th, 14th, 15th, and 19th Amendments [of the United States Constitution], as well as by legislation such as the Voting Rights Act." *See* CIVIL RIGHT, Black's Law Dictionary (11th ed. 2019). Generally, the restoration of civil rights is understood to include the right to vote, serve on a jury, possess firearms, and hold public office. *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994).[1] For a defendant's civil rights to be restored, he must show that his rights have been restored under the laws of the convicting jurisdiction. *See Beecham v. United States*, 511 U.S. 368, 371 (1994). Because Defendant was convicted in the United States District Court for the District of New Mexico, he must prove that his rights have been restored under federal law.

That task is easier said than done. In *Beecham*, the Supreme Court left open the question of whether a federally convicted felon could restore his civil rights under federal law:

> We express no opinion on whether a federal felon cannot have his civil rights restored under federal law. This is a complicated question, one which involves the interpretation of the federal law relating to federal civil rights, *see* U.S. Const., Art. I, § 2, cl. 1 (right to vote for Representatives); U.S. Const., Amdt. XVII (right to vote for Senators); 28 U.S.C. § 1865 (right to serve on a jury); consideration of the possible relevance of 18 U.S.C. § 925(c) (1988 ed., Supp. IV), which allows the Secretary of the Treasury to grant relief from the disability imposed by § 922(g); and the determination whether civil rights must be restored by an affirmative act of a Government official, *see United States v. Ramos*, 961 F.2d 1003, 1008 (CA1), cert. denied, 506 U.S. 934 (1992), or whether they may be restored automatically by operation of law, *see United States v. Hall*, 20 F.3d 1066 (CA10 1994).

---

[1] While the right to run for public office is generally considered a civil right, which may be lost due to a state conviction, federal law does not provide such a prohibition for seeking or holding federal office. *See Walker v. United States*, 800 F.3d 720, 723–24 (6th Cir. 2015). The United States agrees that Defendant was never deprived of his right to run for public office. *See* Doc. 93 at 6 ("Thus, the defendant's right under federal law to run for federal elected office cannot be restored because he never lost it.").

511 U.S. at 373.

Predictably, following *Beecham*, courts have reached different conclusions about whether they have the authority to restore an individual's federal civil rights. Indeed, courts appear conflicted about whether federal procedure even exists for the restoration of federal civil rights. *See, e.g.*, *Walker*, 800 F.3d at 723 (analyzing whether the plaintiff's civil rights were restored under federal law, ultimately concluding that they were not); *United States v. Shepard*, 2020 WL 1898888, at *2 (D. Ariz. Apr. 15, 2020) (holding that the court "does not have the authority to restore Shepard's civil rights"). Even *Beecham* itself appears to tacitly acknowledge that no federal procedure exists for the restoration of civil rights. 511 U.S. at 373 ("Under our reading of the statute, a person convicted in federal court is no worse off than a person convicted in a court of a State that does not restore civil rights.").

Assuming that this Court could restore Defendant's civil rights, the Court declines to do so. Defendant asks the Court to restore "any and all civil rights" he lost as a result of his felony conviction. Doc. 90 at 2. Despite that broad request, Defendant's filing only refers to his right to vote. *See id.* at 1.[2] In support of the restoration of his right to vote, Defendant relies on a New Mexico statute, which automatically restores an individual's right to vote upon completion of his sentence. *See* NMSA 1978, § 31–13–1 (2005). But Defendant was convicted in federal court, and thus the restoration of his rights under New Mexico law is not in itself enough. *See Beecham*, 511 U.S. at 370–71 (adopting the Fourth Circuit's position that "state restoration of civil rights could not undo the federal disability flowing from a federal conviction"); *Walker*, 800 F.3d at 722 (rejecting the plaintiff's argument that restoration of his rights under Tennessee law was sufficient

---

[2] Importantly, Defendant's filing does not ask for the restoration of his right to serve on juries. Accordingly, the Court make no determination as to that civil right.

3

to restore his federal civil rights). Moreover, the United States points out that Defendant was never a New Mexico citizen and, therefore, has never been registered to vote in New Mexico. Doc. 93 at 2.[3] Thus, even if the state procedure applied here, Defendant has not met his burden of showing that he has complied (or could comply) with the statutory requirements of New Mexico state law. *See United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000) (rejecting the defendant's bare assertions that his rights were restored under state law); *see also* NMSA 1978, § 1-4-1 ("No person shall vote at any election unless he is registered as required by the Election Code.").

At bottom, by merely asking for his civil rights to be restored, Defendant fails to establish that the Court should—or could—restore his civil rights. *Cf. United States v. Flower*, 29 F.3d 530, 535–36 (10th Cir. 1994) (explaining that "[a] mere conclusory challenge . . . will not suffice to put the court on notice" of whether a defendant's civil rights have been restored). Without more, the Court must deny Defendant's request, as presently stated, at this time.

B. Restoration of Defendant's firearm rights

Under 18 U.S.C. § 921(a)(20), a conviction does not disqualify an individual from possessing firearms if that individual "has had civil rights restored." As just described, only federal law can nullify the effect of a federal conviction. *See Beecham*, 511 U.S. at 373–74. The Court has already held that Defendant has not established that he is entitled to a restoration of his civil rights under federal law. Because the restoration of civil rights is one prerequisite to the restoration of firearm rights, *Beecham*, 511 at 372, the Court cannot restore Defendant's firearm rights.

---

[3] Defendant has not offered any evidence to the contrary.

IT IS THEREFORE ORDERED THAT Defendant's REQUEST TO RESTORE CIVIL RIGHTS AND FIREARM RIGHTS (Doc. 90) is DENIED without prejudice.

This case is DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE